UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WILLIAM KELTNER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:16-CV-180-TAV-DCP |
| DERRICK SCHOFIELD, DOUG COOK, DARREN SETTLES, and VALERIE NICHOLS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This pro se case, filed under 28 U.S.C. § 1983, is now before the Court due to Plaintiff's failure to respond or comply with this Court's orders. On August 16, 2018, this Court entered an order, granting Plaintiff's motion to proceed in forma pauperis and ordering Plaintiff to complete the service packets provided to him by the Clerk's Office and to return those packets to the Clerk's Office within twenty days of receipt of the Order [Doc. 4]. Plaintiff was forewarned that "failure to timely return the completed service packets could jeopardize his prosecution of this action" [*Id.* at 17]. The Court further ordered Plaintiff to "immediately inform the Court and Defendants or their counsel of record of any address changes in writing" pursuant to Local Rule 83.13 [*Id.*]. The Order was mailed to Plaintiff at the address listed on his Complaint. Over six months have passed, and Plaintiff has not returned the service packets or responded to the Court's order in any way.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the attempt made by this Court to contact Plaintiff regarding his case has been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since the Defendant has not yet been served, there has been no prejudice by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 4 p. 17].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed in forma pauperis; therefore, there is no indication that Plaintiff has the ability to pay a monetary fine. There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case even after being threatened with its dismissal, which shows a lack of respect for this Court's deadlines and orders.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE